No. 3347.

(Court of Appeal, Parish of Orleans.)

JOSEPH BEIGER vs AMERICAN HOMESTEAD CO. AND
MISS JEANNE HANNENMANN.

The record in the revocatory action herein, has failed to reveal any
simulation, collusion or fraudulent muniments of title to the
property which plaintiff, a judgment creditor, has sought to
snbject to execution of his judgment.

Appeal from Civil District Court, Division D.

E. C. Kelly, for Plaintiff and Appellant.

H. Chiapella, for Defendant and Appellee.

BEAUREGARD, J. For repairs made in 1899 to Mrs. Han-
neman's property, fully described in the pleadings, plaintiff herein
obtained judgment in the First City Court of New Orleans on the
23rd. of June, 1902 for the sum of $96.20 with interest and costs.

The property referred to was Mrs. Hanneman's separate
property which she sold to and re-acquired of the American Home-
stead Co. on January 26, 1891, giving her mortgage note of $2800
and becoming a share-holder in said company to the extent of 7
shares of stock pledged to the company as an additional security.

Later on, becoming delinquent in the payment of her stock in-
stallments (and it is gathered from the record) threatened with
foreclosure, on the 28th. of April 1902 she resold said property on
cancellation of the note hereinabove referred to, free of all recorded
incumbrance to her vendor, who, on the same day and year (and in
the pursuance of agreement with her brother as her agent) resold
the same to Mrs. Hanneman's daughter, Jeanne Hannemann for the
price and sum of $1400, secured by her promissory note to that
amount and as a stockholder also to the extent of 7 shares of stock
in said company, by the pledge of said shares.

Matters stood with respect to this property which had been
transferred free of incumbrance, till February 1903, when, failing to
obtain payment of his judgment which had not been recorded or to
issue execution thereunder, plaintiff brought this suit to annul all of
the transactions or mutisms of property above recited in order to
subject same to execution. He recites that these transactions were
collusive, simulated and fraudulent, made to secure said property

211

(which was the only one owned by his debtor) from this or her other creditors.

In the first place it must be noted that neither plaintiff's claim for repairs nor his judgment had been recorded. They vacated therefore as a personal claim against Mrs. Hanneman. In the second place, Mrs. Hanneman died on December 1st. 1902. Her succession against which this personal claim could have been urged, was never opened. And in these proceedings, neither was she or her legal representatives made parties.

In a revocatory action not only are the holders of the title, but the debtor necessary parties. 31 A. 262.

The opening of a succession is not confined to the heirs alone (when unwilling to do so) but this right extends to creditors. And this was not done in the matter. R. C. C. 1071 and Seqr.

The transactions by which the property in question bought, sold, bought again and re-sold by the American Homestead Co. was in line with the act of its creation. Act 115 of 1888.

No allegation is made that plaintiff's debtors insolvency was known to her purchaser, the American Homestead Co. That it acted in perfect good faith is evidenced by its precautionary measures (and as shown by the acts of transfer and the testimony of its officers) both in the original and subsequent acquisition and sale and resale of said property.

That Miss Hanneman in acquiring this property had no occupation or professional calling enabling her to pay the purchase price or to meet the monthly installments due on her shares and therefore without means to do so, is a mere inference and rests on no solid ground.

Mrs. Hanneman as stated above died in December 1902 (her husband it appears following her subsequently) leaving five heirs. Plaintiff contends that this case should be remanded that these heirs should be made parties.

It must be borne in mind that these proceedings are directed to the annullment of these mutstims of property; not to the end of making these heirs liable for their proportion of plaintiff's claim or judgment, that proportion cannot be recovered in this action.

Simulation, collusion or fraud is not shown in the record of this case.

And the judgment appealed from should be affirmed. It is so ordered.